IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| VANESSA LANDRY )<br>)<br>    Plaintiff, )<br>)<br>      v. )<br>)<br>SAIC, )<br>)<br>    Defendant. ) | 1:12cv673 (JCC/TRJ) |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Science Applications International Corporation (SAIC)'s Motion to Dismiss.  For the following reasons, the Court will grant Defendant's Motion.

### **I.   Background**

Plaintiff *pro se* Vanessa Landry is suing her former employer SAIC.  On September 14, 2011, Plaintiff filed a Charge of Discrimination (the Charge) with the U.S. Equal Employment Opportunity Commission (EEOC), which was cross-filed with the Fairfax County human rights agency, alleging race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and alleging age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 620 et seq. (ADEA).  [Dkt. 10-1.]  And, on May 25, 2012, Plaintiff filed a Complaint against SAIC in the Fairfax County

1

Circuit Court, in the Commonwealth of Virginia. [Dkt. 1-1.] Plaintiff's Complaint alleges that her employment at SAIC was terminated because of her race. (Compl. [Dkt. 10-1] at 1.)[1] On June 19, 2012, SAIC timely removed the case to this Court. [Dkt. 1-3.] On June 20, SAIC filed a Motion to Dismiss along with a proper *Roseboro* notice. [Dkts. 6, 8.] On July 5, 2012, Plaintiff filed a "Memorandum of Points and Authorities in Support of Plaintiff's Motion Not to Dismiss." [Dkt. 10.] On July 11, 2012, Defendant filed a Reply. [Dkt. 12.]

Defendant's Motion is now before this Court.

## II. Standard of Review

### A. Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).

---

[1] The Complaint does not contain numbered paragraphs and so references are made to the page.

Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Velasco v. Gov't of Indonesia,* 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment"); *Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994). In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.,* 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

    B. <u>Pro Se Plaintiff</u>

Complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "However inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 U.S. App. LEXIS 22373, at *3 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a *pro se* complaint contains potentially cognizable claims, the plaintiff should be allowed to particularize those claims. *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)).

### III. Analysis

Although Plaintiff's Complaint is full of descriptions of her work experience, it does not state any legal basis for her claim. The caption title of her Complaint states that she is "filing for racial discrimination and severance pay." (Compl. [Dkt. 1-1] at 1.) As best the Court can tell, the basis for Plaintiff's claim is Title VII.

"[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the

4

claim." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 138-40 (4th Cir. 1995)). "42 U.S.C. § 2000e-5(f)(1) requires an individual to obtain a Notice of Right to Sue from the EEOC before bringing suit in a federal court on a Title VII claim." *Marston v. At&T Corp.*, 210 F.R.D. 573, 574 (E.D. Va. 2002). Specifically, the statute states:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference . . . whichever is later, the Commission has not filed a civil action under this Section . . ., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

42 U.S.C. § 2000e-5(f)(1).[2]  This notice is commonly referred to as a "right-to-sue letter."

"To ensure that a plaintiff has exhausted all the administrative remedies and adhered thereby to the Congressional conciliation scheme, courts generally hold that the right-to-sue letter is a jurisdictional prerequisite to a Title VII suit." *White v. Fed. Express Corp.*, 729 F. Supp. 1536, 1551-52 (E.D.

---

[2] The "administrative procedures [are] contained in 42 U.S.C. § 2000e-5(b), which requires an investigation and determination by the EEOC as to whether 'reasonable cause' exists to believe that the charge of discrimination is valid." *Ray v. Amelia County Sheriff's Office*, 302 F. App'x 209, 212 (4th Cir. 2008).

Va. 1990) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973)). "But, because Title VII is a remedial statute, courts usually construe its provisions generously to achieve its purpose." *Id.* (citing *Henderson v. E. Freight Ways, Inc.*, 460 F.2d 258, 260 (4th Cir. 1972)). Thus, the Fourth Circuit has "long held that receipt of, or at least entitlement *to*, a right to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis*, 48 F.3d at 140.

Here, although it appears Plaintiff filed a Charge of Discrimination with the EEOC (see [Dkt. 10-1] at 1), nowhere in Plaintiff's Complaint does she represent that she received a Dismissal and Notice of Rights Letter from the EEOC in response to her charge. Additionally, Plaintiff's "Memorandum of Points and Authorities in Support of Plaintiff's Motion Not to Dismiss,"[3] which alleges additional facts, fails to establish that Plaintiff received a right-to-sue letter or was otherwise entitled to a right-to-sue letter at the time she filed the Complaint in this Court. (Pl.'s Mem. [Dkt. 11] at 3.) Furthermore, Plaintiff has not pleaded any facts demonstrating plausible entitlement to relief that would warrant jurisdiction over the severance claim. Thus, this Court finds it does not have subject matter jurisdiction over Plaintiff's Complaint.

**IV.   Conclusion**

---
[3] The Court will treat this as Plaintiff's opposition to the Motion.

For these reasons, the Court will grant Defendant's Motion to Dismiss.

An appropriate Order will issue.


                                                          _____/s/_____

July 19, 2012                          James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE